FILED

01 OCT -1  AM 11: 52

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORDIA
JACKSONVILLE DIVISION**

SHARON LAMBDIN,                    )
                                   )
            Plaintiff,             )
                                   )
v.                                 )        Case No. 3:01-CV-608-J-12HTS ✔
                                   )
DAVIS PAINTING CO., a Florida      )        **Request for Oral Argument**
corporation, STEVE DAVIS, an       )
individual and ANTHONY             )
MOULDER, an individual,            )
                                   )
            Defendants.            )
_____)

**DEFENDANTS', DAVIS PAINTING CO. AND STEVE DAVIS,
MOTION TO DISMISS COUNTS I, II AND VI OF PLAINTIFF'S
COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendants, Davis Painting Co. ("Davis Painting") and Steve Davis ("Davis")
(collectively "Defendants"), pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), hereby move
this Court for an Order dismissing with prejudice Counts I, II and VI of the First
Amended Complaint and Request for Jury Trial ("Complaint") filed by Plaintiff Sharon
Lambdin ("Lambdin" or "Plaintiff").  The dismissal should be with prejudice because
Lambdin cannot state claims under these Counts even if given an opportunity to amend
and because resolution of these Counts requires only statutory interpretations involving
pure issues of law.  Pursuant to Local Rule 3.01(d), Defendants further request oral
argument on the matters raised in this Motion to Dismiss.

## I.    INTRODUCTION

This action arises out of Lambdin's allegations that she was sexually harassed while employed at Davis Painting, and that she was purportedly discharged for having reported the alleged acts of harassment.  Lambdin filed a six (6) count civil Complaint against Davis Painting, Davis and Anthony Moulder ("Moulder"), alleging:

1.    Sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq. ("Title VII");

2.    Violation of the Florida Whistleblower Act, Fla. Stat. §§ 448.101 et seq.;

3.    The tort of battery (against Defendant Moulder only);

4.    The tort of trespass (against Defendant Moulder only);

5.    Intentional Infliction of Emotional Distress (against Defendant Moulder only); and

6.    Negligent Retention or Supervision.

For the reasons more fully set forth below, Count I must be dismissed with prejudice because, as a matter of law, Title VII is inapplicable to Defendants, as an employer employing fewer than fifteen (15) employees.  Count II must be dismissed because Plaintiff has failed to cite any law, rule or regulation applicable to Defendants within the meaning of the Florida Whistleblower Act.  Finally, Count VI must be dismissed as it is based upon a tort which is not recognized under Florida common law.

## II.   FACTS

Sharon Lambdin was employed by Davis Painting as a painter from June 1999 until she was discharged in November 1999. Compl. at ¶¶ 9,21.  Lambdin alleges that

2

she was sexually harassed by her co-worker, Moulder, and that she reported the alleged sexual harassment to Davis Painting through its agent, Davis. Compl. at ¶¶ 13,18.

Lambdin claims that all conditions precedent to bringing her claim have been met. Compl. ¶ 33. To that end, Lambdin filed a charge of sexual harassment with the Equal Employment Opportunity Commission ("EEOC") and the Jacksonville Human Rights Commission ("JHRC"). The EEOC issued a Notice of Right to Sue to Lambdin, and in the Notice administratively closed its investigation into Lambdin's charge after adopting the finding of the JHRC, having determined that an administrative closure was necessary due to Davis Painting's employment of less than fifteen (15) employees.[1] Exh. "A". The EEOC issued a Notice of Right to Sue to Lambdin, and this suit followed thereafter. Exh. "A".

## III.   ARGUMENT AND AUTHORITY

### A.   The Appropriate Standard for Evaluating Motions to Dismiss.

As acknowledged by this Court, "[i]t is well established that a 'motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would not be entitled to recover under any state of facts which could be proved in support of his claim." Monteverde v. Baby Superstore, Inc., 1995 WL 381876 (M.D. Fla. 1995). In ruling upon a motion to dismiss, the trial court is required to review the

---

[1] The determination by the JHRC, adopted by the EEOC in its Notice of the Right to Sue, is not attached by Plaintiff to her Complaint. However, the subject matter set forth within the Notice is a statutory prerequisite to filing a Title VII action, as Count I is premised upon Lambdin's purported fulfillment of "all conditions precedent to the filing of this action." Compl. ¶ 33; see Gooding v. Warner-Lambert Co., 744 F.2d 354, 358 (3d. Cir. 1984). Although not attached to the Complaint, the Court may consider the Notice in resolving this Motion to Dismiss under Fed.R.Civ.P. 12(b)(6). See Cortec Indus., Inc. v. Sum Holding, L.P., 949 F.2d 42, 47 (2d Cir. 1991) (if plaintiff's claims are predicated on a document, a defendant may attach the document to a Fed.R.Civ.P. 12(b)(6) motion even if the complaint does not explicitly refer to it); see also Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998).

complaint in the light most favorable to plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 332

(1974).

**B.    Count I Must be Dismissed with Prejudice Because Davis Painting does not Employ More than Fifteen Employees as Required Under Title VII.**

In Count I of her Complaint, Lambdin alleges that her rights were violated under

Title VII.  However, as the EEOC found, Davis Painting is not an "employer" within the

meaning of Title VII and thus, Lambdin has no claim against Defendants for sexual

harassment in violation of that Act.

It is well established that Title VII is inapplicable to small employers, like Davis

Painting.  <u>See</u> <u>Miller v. Maxwell's Int'l, Inc.</u>, 991 F.2d 583, 587 (9th Cir. 1993) (stating

that "Title VII limits liability to employers with fifteen or more employees . . . in part

because Congress did not want to burden small entities with the costs associated with

litigating discrimination claims").  In <u>Richardson v. Bedford Place Housing Phase I</u>

<u>Associates</u>, 855 F. Supp. 366, 371 (N.D. Ga. 1994), the court granted a motion to dismiss

for lack of subject matter jurisdiction where the employer employed less than fifteen

employees, stating:

> [A]fter all, Congress recognized that there must be a limit to the
> use of Title VII to combat discrimination.  Today, many Title VII
> cases that this court considers do not survive the pleadings stage
> and result in a judgment in favor of the defendant.  Nonetheless,
> the cost of success on a motion to dismiss or motion for summary
> judgment runs in the tens of thousands of dollars.  For small
> economic enterprises, such outlays threaten financial viability.

<u>Id.</u>

As a threshold jurisdictional matter, Title VII requires the plaintiff to establish

that the "employer" being sued has "fifteen or more employees for each working day in

each of twenty or more calendar weeks in the current or preceding calendar year . . ." 42

U.S.C. § 2000e(b); Lyes v. City of Riviera Beach, 166 F.3d 1332, 1340-41 (11th Cir. 1999) (treating the question of whether a defendant meets the statutory definition of "employer" as a threshold jurisdictional matter under Title VII). As a jurisdictional matter, Lambdin's claim must fail because Davis Painting does not and did not employ more than fifteen employees at any time relevant to this lawsuit. See Exh. "A".

Because Lambdin cannot establish that Davis Painting meets the statutory definition of an "employer" during the applicable period, this Court should dismiss Count I either under Fed.R.Civ.P. 12(b)(1) or 12(b)(6). See Atkins v. Jad Hosiery, Inc., 2001 WL 1092779 (7th Cir. Sept. 17, 2001) (affirming dismissal of Title VII claim where employer employed fewer than 15 employees under Fed.R.Civ.P. 12(b)(6)); Greenlees v. Eidenmuller Enterprises, Inc., 32 F.3d 197, 199-200 (5th Cir. 1994) (affirming dismissal for lack of subject matter jurisdiction where employer did not employ fifteen or more employees); Dumas v. Town of Mt. Vernon, 612 F.2d 974, 979 (5th Cir. 1980) (same); Minutillo v. Aqua Signal Corp., 1997 WL 156495 (N.D. Ill. 1997) (granting motion to dismiss for lack of subject matter jurisdiction where employer did not employ fifteen or more employees); Lightner v. City of Ariton, 884 F. Supp. 468, 470 (M.D. Ala. 1995) (same); Fike v. Gold Kist, Inc., 514 F. Supp. 722, 725 (N.D. Ala. 1981) (same). In a recent Middle District of Florida decision, the court granted a motion to dismiss a claim under the Americans with Disabilities Acts ("ADA") for lack of subject matter jurisdiction against an employer with less than 15 employees. Binns v. The Primary Group, Inc., 23 F. Supp.2d 1363, 1366 (M.D. Fla. 1998). Applying the identical statutory language and test for analyzing Title VII claims, the court dismissed the claim due to the

plaintiff's inability to establish that the employer employed 15 or more employees during the "current or preceding year" in which the alleged discrimination occurred. Id.

In this case, Lambdin purportedly was sexually harassed "during the Autumn of 1999." Compl. ¶ 27. For the purposes of meeting the statutory definition of an employer under 42 U.S.C. § 2000e(b), Lambdin must affirmatively plead and establish that Davis Painting employed 15 or more employees either in the "current" year of 1999 or the "preceding" year of 1998. See Binns, 23 F. Supp.2d at 1366. Lambdin cannot establish, as the EEOC found, that Davis Painting employed more than fifteen employees either in 1998 or 1999. See Exh. "A."

Since Lambdin cannot meet the threshold jurisdictional requirements of a Title VII action against Davis Painting, Count I must be dismissed with prejudice.

**C.    Count II Under the Florida Whistleblower's Act Fails to State a Cause of Action and Must be Dismissed.**

In Count II of her Complaint, Lambdin simply contends that Davis Painting violated the Florida Whistleblower Act, Fla. Stat. §§ 448.101 et seq. ("Whistleblower Act") by discharging her "for complaining about the sexual harassment regularly occurring in Defendant's workplace." Compl. ¶ 35. Although she fails to specify which "law, rule or regulation" Davis Painting purportedly violated, presumably Plaintiff contends that Davis Painting violated Title VII (which, for the reasons stated *supra*, is inapplicable) or committed the common law tort of sexual harassment (which, for the reasons stated *infra*, does not exist under Florida law).

In order to state a cause of action alleging a violation of Fla. Stat. § 448.102(3), the employee must allege that she: (1) objected to; (2) an activity, policy or practice of the employer; (3) that was in violation of a law, rule or regulation; and (4) that the

6

employer retaliated against her because of the aforementioned disclosure. <u>See</u> Fla. Stat. § 448.102(3); <u>Taylor v. Memorial Health Systems, Inc.</u>, 770 So. 2d 752, 754 (Fla. 5th DCA 2000) (interpreting Fla. Stat. § 448.102(1)). As defined in Fla. Stat. § 448.101(4), "'law, rule, or regulation' includes any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance **applicable to the employer and pertaining to the business.**" (emphasis added). Florida courts have repeatedly dismissed counts brought under the Whistleblower Act for failing to properly allege a "law, rule or regulation" applicable to the employer. <u>See</u> <u>Tyson v. Viacom</u>, 760 So. 2d 276, 277 (Fla. 4th DCA 2000) (affirming dismissal where employer's alleged violation of federal district court's injunction does not constitute a "law, rule or regulation"); <u>Gillyard v. Delta Health Group, Inc.</u>, 757 So. 2d 601, 602 (Fla. 5th DCA 2000) (affirming dismissal where employer's alleged violation of an executive order does not constitute a "law, rule or regulation"); <u>Forrester v. Phipps, Inc.</u>, 643 So. 2d 1109, 1111-1112 (Fla. DCA 1994) (affirming dismissal where employee failed to cite a violation of a "law, rule or regulation" enacted by a "legislative or administrative forum").

If Lambdin presumably contends that the common law tort of sexual harassment constitutes a "law, rule or regulation" within the meaning of Fla. Stat. § 448.101(4), Count II clearly must be dismissed. First, by its very definition, a "common law" tort does not constitute a law, rule or regulation, enacted by a "legislative or administrative forum." <u>See</u> <u>Forrester v. Phipps, Inc.</u>, 643 So. 2d 1109, 1111-1112 (Fla. DCA 1994) (affirming dismissal where employee failed to cite a violation of a "law, rule or regulation" enacted by a "legislative or administrative forum"). "Common law" is defined as "a body of law derived from judicial decisions and opinions **rather than from**

**statutes** or constitutions." See Black's Law Dictionary, 113 (Pocket ed. 1996) (emphasis added). Additionally, as more fully discussed in Section (D)(i) *infra*, Florida courts do not recognize the common law tort for sexual harassment. See Vernon v. Medical Management Assoc. of Margate, 912 F. Supp. 1549, 1563-64 (S.D. Fla. 1996); Robertson v. Edison Bros. Stores, Inc., 1995 WL 356052, at * 2 (M.D. Fla. Apr. 11, 1995); Maiorella v. Golf Academy of the South, 1993 WL 463211 (M.D. Fla. Sept. 23, 1993); Fowler v. Taco Viva, 646 F. Supp. 152, 158 (S.D. Fla. 1986) *citing* Cummings v. Dawson, 444 So. 2d 565, 566 (Fla. 1st DCA 1984). The Florida Whistleblower Act, simply stated, does not include claims based upon breach of the common law.

In the alternative, to the extent Lambdin contends that she "complained" to Davis Painting that her rights under Title VII were being violated by the alleged sexual harassment, the protections afforded by the Florida Whistleblower Act again are not triggered because she has failed to cite a law, rule or regulation applicable to Davis Painting that was violated. In order to state a cause of action under the Whistleblower Act, the purported "law, rule or regulation" which is violated and reported **must be applicable to the employer**. Fla. Stat. § 448.101(4); Sussan v. Nova Southeastern University, 723 So. 2d 933, 934 (Fla. 4th DCA 1999). In Sussan, an employee alleged that he was wrongfully discharged in violation of the Whistleblower Act in retaliation for reporting acts of theft committed by coemployees. The court dismissed the complaint, holding that the employee failed to allege that he was terminated for objecting to any unlawful act of his employer, or anyone acting within the legitimate scope of his employment. Id. For the reasons more fully discussed in Section B, *supra*, Title VII is not applicable to Davis Painting. Lambdin cannot establish that Davis Painting employed

more than fifteen employees at any time relevant to this law suit. See *supra*, Section B. As a consequence, since there is no violation of Title VII, Lambdin cannot allege or establish that the purported acts of sexual harassment by Mr. Moulder of which she allegedly complained, constituted a violation of any law, rule or regulation applicable to Davis Painting within the meaning of Fla. Stat. § 448.101(4).

Since Lambdin fails to specify any "law, rule or regulation" applicable to Davis Painting which was purportedly violated, she cannot state a cause of action under the Florida Whistleblower Act and, Count II must be dismissed.

**D.     Plaintiff's Claim for Negligent Retention or Supervision Must Be Dismissed as it is Based on Her Claim of Sexual Harassment Which is Not a Recognized Tort Under Florida Common Law and it Does Not Satisfy the "Impact Rule".**

**(i)     Sexual Harassment is not a Tort Recognized Under Florida Common Law.**

As a threshold matter, a claim for negligent hiring, supervision and retention will only be viable if it is based on injury resulting from a tort which is recognized under Florida common law. Scelta v. Delicatessen Support Services, Inc., 57 F. Supp.2d 1327, 1348 (M.D. Fla. 1999); see also Williams v. Feather Sound, Inc., 386 So. 2d 1238, 1239-40 (Fla. 2d DCA 1980). Florida does not recognize a common law tort for sexual harassment. See Vernon v. Medical Management Assoc. of Margate, 912 F. Supp. 1549, 1563-64 (S.D. Fla. 1996); Robertson v. Edison Bros. Stores, Inc., 1995 WL 356052, at * 2 (M.D. Fla. Apr. 11, 1995); Maiorella v. Golf Academy of the South, 1993 WL 463211 (M.D. Fla. Sept. 23, 1993); Fowler v. Taco Viva, 646 F. Supp. 152, 158 (S.D. Fla. 1986) *citing* Cummings v. Dawson, 444 So. 2d 565, 566 (Fla. 1st DCA 1984). As a result, claims for negligent hiring, supervision and retention based on allegations of sexual

harassment are defective and subject to dismissal.  See Grice v. Air Products and Chemicals, Inc., 2000 WL 353010, at *15 (N.D. Fla. Feb. 17, 2000) ("because Florida law does not recognize a common law cause of action for sexual harassment, claims of negligent hiring or retention cannot be based on claims of sexual harassment under common law"); see also Vernon, 912 F. Supp. at 1563-64; Scelta, 57 F. Supp.2d at 1348-49; and Ball v. Heilig-Meyers Furniture Co., 35 F. Supp.2d 1371 (M.D. Fla. 1999).

Here, the sole basis for Lambdin's claim of negligent retention and supervision is her allegations of sexual harassment, a common law tort that is not recognized by Florida courts.  As a result, this claim is defective and must be dismissed for this reason.

**(ii)     Lambdin's Negligent Retention Claims does not Satisfy the "Impact Rule".**

Moreover, if a claimant asserting a negligent retention and supervision claim seeks damages only for emotional injuries, the claimant must also comply with Florida's "impact rule." The "impact rule" requires the claimant to show that the emotional injuries complained of flow from a physical injury suffered as a result of a physical impact.  See Scelta, 57 F. Supp.2d at 1348; see also Degitz v. Southern Management Services, Inc., 996 F. Supp. 1451, 1461 (M.D. Fla. 1998); Goodstein v. Gunther Motor Company, 1996 WL 903950, at *14 (S.D. Fla. Sept. 12, 1996); R.J. v. Humana of Florida, Inc., 652 So. 2d 360, 362 (Fla. 1995).

Here, Lambdin's claim for negligent retention and supervision only makes the following vague allegation with respect to damages:

> An award of compensatory damages for pain
> and suffering in an amount to be determined
> at trial.

Compl., p. 9.  Lambdin's negligence claim is, therefore, devoid of any allegation of physical impact and physical injury from *such* impact.  Indeed, Lambdin does not even allege that she sustained a physical injury.

Consequently, this Court should conclude, as a matter of law, that Lambdin cannot assert a claim for negligent retention and supervision against Davis Painting and that Count VI must be dismissed with prejudice.

## CONCLUSION

Based upon the reasons stated herein, Defendants, Davis Painting Co. and Steve Davis, respectfully request that this Court dismiss Counts I, II and VI, with prejudice, award Defendants attorneys' fees for having to defend these baseless claims against them and grant such other and further relief as the Court deems just and proper.  Pursuant to Local Rule 3.01(d), Defendants request oral argument on the issues presented to the Court.  Defendants estimate that the time required for oral argument will be forty-five (45) minutes.  The oral argument is requested in the interest of justice and to prevent the injustice to which Defendants would be subjected should Plaintiff's claims persist.

DATED this 1st day of October, 2001.

Respectfully submitted,

FILED

01 OCT -1 AM 10: 40

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

Richard N. Margulies
Florida Bar No. 0607487
Benjamin D. Sharkey
Florida Bar No. 0389160
AKERMAN SENTERFITT
50 N. Laura Street, Suite 2500
Jacksonville, FL  32202
Telephone:  (904) 798-3700
Facsimile:  (904) 798-3730

ATTORNEYS AND TRIAL
COUNSEL FOR DEFENDANTS
DAVIS PAINTING CO. AND
STEVE DAVIS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to Jack Bridges, Esq., The Atlantic Law Firm, P.L., 2100 Corporate Square Boulevard, Suite 201, Jacksonville, Florida 32216 and John E. Duvall, Esq., Ford & Harrison, LLP, 121 West Forsyth Street, Suite 1000, P.O. Box 41566, Jacksonville, Florida 32203 via facsimile and U.S. Mail this 1st day of October, 2001.

Attorney

U.S. Equal Employment Opportunity Commission

# DISMISSAL AND NOTICE OF RIGHTS

| To: | Ms. Sharon L. Lambdin | From: | Miami District Office |
|---|---|---|---|
| | 2648 Kersey Drive, West | | Equal Employment Opportunity Commission |
| | Jacksonville, Florida  32216 | | One Biscayne Tower, Suite 2700 |
| | | | 2 South Biscayne Boulevard |
| | | | Miami, Florida  33131-1805 |

☐ On behalf of a person aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge Number | EEOC Representative | Telephone No. |
|---|---|---|
| 15E A0 0063 | James Colon, State & Local Coordinator | (305) 536-4454 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[X] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ We cannot investigate your charge because it was not filed within the time limit required by law.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### – NOTICE OF SUIT RIGHTS –
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may pursue this matter further by bringing suit in federal or state court against the respondent(s) named in the charge. If you decide to sue, you must sue **WITHIN 90 DAYS** from your receipt of this Notice. Otherwise your right to sue based on the above-numbered charge will be lost.

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible. (If you file suit, please send a copy of your court complaint to this office.)

On behalf of the Commission

MAR  2 2001
(Date Mailed)

Federico Costales, District Director

cc:
Davis Painting, Inc.
c/o Sandee Davis
Vice President
4289 Stacey Court
Jacksonville, Florida  32250

Sharon Lambdin
c/o Robert Graham, Esq.
2100 Corporate Square Blvd., Suite 201
Jacksonville, Florida  32216

EXHIBIT
"A"

EEOC Form 161 (10/96)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file lawsuit against the respondent(s) named in the charge **within 90 days**
of the date you receive this Notice.  Therefore, you should **keep a record of this date.**  Once this 90-day period is
over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney,
you should do so promptly.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is
prudent that your suit be filed **within 90 days of the date this Notice was mailed to you** (as indicated where the Notice
is signed).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate
State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after
talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of
the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge
or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally,
suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where
relevant employment records are kept, where the employment would have been, or where the respondent has its main
office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are
bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment:
backpay due for violations that occurred more **than 2 years (3 years)** before you file suit may not be collectible.  For
example, if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit **before
7/1/98** -- not 12/1/98 -- in order to recover unpaid wages due for July 1996.  This time limit for filing an EPA suit is
separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above.  Therefore, if you also
plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90
days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION -- Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made
to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to
retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such
requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charges are
kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file,
**please make your review request <u>within 6 months</u>** of this Notice.  (Before filing suit, any request should be made
within the next 90 days.)

**IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.**



**JACKSONVILLE HUMAN RIGHTS COMMISSION**

May 25, 2000

Ms. Sandee Davis
Vice President
Davis Painting, Inc.
4289 Stacey Court
Jacksonville, Florida  32250

      RE:  Ms. Sharon L. Lambdin vs. Davis Painting Inc.
      JHRC Charge No.  177-120299
      EEOC Charge No. 15EA00063

Dear Ms. Davis:

The Jacksonville Human Rights Commission has discontinued its investigation on the above captioned charge for the following reason:

|        |                                                    |
|--------|----------------------------------------------------|
| _____  | No Cause                                           |
| X      | Administrative Closure   (Less than 15 employees)  |
| _____  | Probable Cause - Successful Settlement             |
| _____  | Probable Cause - Unsuccessful Settlement           |
| _____  | Successful Settlement                              |
| _____  | Lack of Cooperation by Charging Party              |
| _____  | Unable to Locate Charging Party                    |
| _____  | Charging Party requested a Right to Sue            |
| _____  | Referred to EEOC                                   |
| _____  | Withdrawal                                         |

The Charging Party has been informed of this action.

The case has been closed with the Jacksonville Human Rights Commission and our investigative file has been forwarded to the Miami District Office of the Equal Employment Opportunity Commission for their review as per our JHRC/EEOC contractual agreement.

Sincerely,

Charlene Taylor Hill
Executive Director
bm/hs

Area Code 904 / 630-4911 / 117 W. Duval Street, Suite 350 / Jacksonville, Florida 32202